Scott M. FROTTON, Amy
O'Beirne, Plaintiffs,

v.

Irwin J. BARKAN, Trustee 1900 Main Street Realty Trust, DeMoulas Supermarkets, Inc., David K. Wanger, Trustee, Dudley Trading Associates Nominee Trust, Defendants.

No. CIV.A.2001–12124–RBC [1].

United States District Court,
D. Massachusetts.

Dec. 15, 2003.

Nicholas S. Guerrera, Lorraine Mojica, Shaheen Guerrera & O'Leary, LLC, North Andover, MA, for Plaintiffs.

Jeffrey C. McLucas, Michael A. West, McLucas & West, P.C., Boston, MA, for Defendants.

### MEMORANDUM AND ORDER ON MOTION OF PLAINTIFFS FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT (# 106)

COLLINGS, United States Magistrate Judge.

DeMoulas Supermarkets, Inc. owns the Middlesex Plaza; the plaintiffs contend that

---

1. With the parties' consent this case has been referred and reassigned to the undersigned for all purposes including trial and the entry of judgment pursuant to 28 U.S.C. § 636(c).

there are numerous violations of the Americans With Disabilities Act ("ADA") in the stores contained in the plaza. Specifically, it is alleged that there are ADA violations in Brooks Pharmacy, Papa Gino's and The Fashion Bug ("the three retail merchants"). By their motion, plaintiffs seek to make claims against DeMoulas for these violations because DeMoulas is the owner of the premises. They do not propose to bring any claims against the three retail merchants De-Moulas opposed the amendment on the ground that it has no control over the interior premises of the plaza which it leases to the three retail merchants. Upon a review of the papers and the caselaw, it is OR-DERED that the Motion of Plaintiffs for Leave to File a Third Amended Complaint (# 106) be, and the same hereby is, ALLOWED.

■ The leading case on the subject is *Botosan v. Paul McNally Realty*, 216 F.3d 827 (9th Cir.2000). "...[A] landlord has an independent obligation to comply with the ADA that may not be eliminated by contract [such as a lease]." *Id.* at 833 (citation omitted). A contract is effective as between the parties; it does not bind the plaintiffs, who are third parties to the contract. Botosan, 216 F.3d at 833–34. In fact, the illustration from the Department of Justice's Technical Assistance Manual of the Americans with Disabilities Act, § III–1.2000 (1994), quoted with approval in Botosan, speaks directly to the situation in the instant case.

ILLUSTRATION: ABC Company leases space in a shopping center it owns to XYZ Boutique. In their lease, the parties have allocated to XYZ Boutique the responsibility for complying with the barrier removal requirement of title III within that store. In this situation, if XYZ Boutique fails to remove barriers, both ABC Company (the landlord) and XYZ Boutique (the tenant) would be liable for violating the ADA and could be sued by an XYZ customer. Of course, in the lease, ABC could require XYZ to indemnify it against all losses caused by XYZ's failure to comply with its obligations under the lease, but again, such matters would be between the parties and

would not affect their liability under the ADA.

■ The Court in Botosan went on to note that the landlord is a "necessary party in an ADA action, regardless of what the lease provides." Botosan, 216 F.3d at 834. "The landlord can in turn seek indemnification from the tenant pursuant to their lease agreement." *Id.* Thus, the plaintiffs correctly sued DeMoulas as the landlord, who is a necessary party. *Id.; see also Alford v. City of Cannon Beach,* 2002 WL 31439173 at *15 (D.Or.2002).

■ The next question is whether the three retail merchants should be joined in this action pursuant to Rule 19(a), Fed. R.Civ.P. In the circumstances of this case, I rule that they should. Plaintiffs complain of barriers within these three retail establishments; while it remains to be seen whether, as a matter of contract, they or DeMoulas have control over these alleged barriers, the three retail merchants surely have an interest in the question of whether the barriers violate the ADA, and if so, whether remedial measures are readily achievable. *Alford,* 2002 WL 31439173 at *16.

Applying the standards set forth in Rule 19(a), Fed.R.Civ.P., the three retail merchants are "subject to service of process," their "joinder will not deprive the court of jurisdiction," and they "claim[ ] an interest relating to the subject to the action and [are] so situated that disposition in [their] absence may (i) as a practical matter impair or impede [their] ability to protect that interest...". In the words of the Advisory Committee Notes to the 1966 amendments to Rule 19(a), "Clause 2(i) recognizes the importance of protecting the person whose joinder is in question against the practical prejudice to him which may arise through a disposition of the action in his absence." Each of the three retail merchants is such a "person."

Accordingly, I rule that the Third Amended Complaint must add the three retail merchants as parties defendant if the plaintiffs intend to press their claims about perceived barriers within the premises occupied by the three merchants. Of course, if it can do so consonant with the provisions of Rule 11,

Fed.R.Civ.P., DeMoulas can, after the filing of the Third Amended Complaint, bring cross-claims against the three retail merchants.

The Third Amended Complaint shall be filed **on or before the close of business on Monday, December 29, 2003.** The Third Amended Complaint shall eliminate any claims against DeMoulas which were based on perceived violations at the now-closed Oakdale Mall store, but may add claims based on perceived violations in the parking lot at the new Oakdale Mall.